Victor A. Sahn (CA Bar No. 97299)
 vsahn@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
 mhoroupian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for David Schwartzman,
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DAVID SCHWARTZMAN,<br><br>Debtors in Possession. | Case No. 1:09-bk-16565 MT<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND EXCLUSIVITY PERIOD FOR FILING PLAN AND OBTAINING ACCEPTANCE OF PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SCHWARTZMAN IN SUPPORT THEREOF**<br><br>DATE : December 7, 2009<br>TIME : 10:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 302<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that at the time and place ascribed above, David Schwartzman, debtor and debtor in possession herein (the "Debtor"), will move this Court for an order extending the period by which the Debtor has the exclusive period (the

MSH\ 603220.1

1  "Exclusivity Period") under which only he may file and obtain acceptance of a plan of
2  reorganization.  This Motion is brought in accordance with 11 U.S.C. § 1121(d), and is
3  made on the ground that cause exists to increase the Exclusivity Period.
4      This Motion is based on the Notice of Motion and Motion, the attached
5  Memorandum of Points and Authorities and the supporting Declaration of David
6  Schwartzman attached hereto.
7      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Local Bankruptcy Rule
8  9013-1, any opposition or response to the Motion must be filed by not later than 14 days
9  prior to the hearing scheduled on the Motion.  Failure to file a timely written opposition
10 may be deemed by the Court as your consent to the relief requested therein.
11     **WHEREFORE**, the Debtor respectfully request that the Court enter an order:
12     1.    Increase the exclusive period under which only the Debtor may file
13 and obtain acceptance of a plan of reorganization pursuant to 11 U.S.C. §1121(c) to and
14 including February 28, 2010;
15     2.    Granting such other relief as the Court deems just and proper.

17 DATED: November 11, 2009    Respectfully submitted,

18     **SulmeyerKupetz**
    A Professional Corporation

20     By:  */s/ MARK S. HOROUPIAN*
21         Mark S. Horoupian
        Attorneys for DAVID SCHWARTZMAN,
22         Debtor in Possession

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

A. **General Background**

1. The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on June 1, 2009 (the "Petition Date"). The Debtor is continuing in the operation and management of its business pursuant to Bankruptcy Code sections 1107 and 1108.

2. The Debtor is the managing member and majority equity owner of DS Ventures, LLC, a California Limited Liability Company ("DS"). The Debtor owns 86% of DS.

3. DS is engaged in the business of real estate investment and development, primarily in the Southern California region.

4. The Debtor also holds all of the issued and outstanding shares in Patriot Homes, Inc. Patriot was formerly engaged in the business of real estate investment, development, home construction and acted as the management entity for the various projects entities in which the Debtor was involved in developing. The majority of the projects in which Patriot was involved were single-family home tracts projects located in and around Fresno, California.

5. Patriot is no longer actively engaged in business or operational. However, Patriot still exists from as a legal entity and will file a tax return for 2008. As of June 15, 2009, Patriot no longer had any employees.

6. Patriot wound down its business operations because of the declining California real estate market combined with the fact that the projects in Fresno and Clovis, California in which it was involved had been completed. No new projects were commenced that required the involvement of Patriot.

///

7.  Lakeside Capital Partners, LLC, a Delaware limited liability company ("Lakeside") acted as a consultant and money manager for Lehman Brothers and associated entities ("Lehman"). The projects in which Lehman was involved with DS involved Lakeside.

8.  Bryan Troxler through his affiliated and related entities ("Troxler") also acted as a consultant and money manager for Lehman.

9.  DMB Ventures, LLC, a California limited liability company ("DMB") was formed to hold the membership interests in the seven residential real estate development projects in which Troxler was involved in Fresno and Clovis, California. These were and are real estate entitlement transactions. Properties would be purchased, entitled for the construction of improvements and then sold.

10. San Feliciano Holding Company LLC, a Delaware limited liability company ("San Feliciano") is the owner that certain real property commonly known as 22255 Mulholland Drive, Woodland Hills, California (the "San Feliciano Property"). The San Feliciano Property consists of approximately 8.8 acres of land and entitlements have been sought construct approximately twenty-three homes which when completes are expected to sell for an average price of approximately $800,000.

11. DS has an undivided fifty percent (50%) interest in San Feliciano.

B. **Bankruptcy Filings and Causes**

1.  On June 1, 2009 the Debtor filed a petition under Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16565 which case is pending before this Court.

2.  On June 1, 2009 San Feliciano filed a petition under Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16563 which case is pending before this Court (the "San Feliciano Bankruptcy").

3.  The San Feliciano Bankruptcy was necessitated, in part, by the fact that the lender on the San Feliciano Property, Central Pacific Bank ("CPB"), ceased

///

1  funding under the loan secured by the San Feliciano Property and commenced a
2  pending non-judicial foreclosure proceeding on this Property.

3      4.    On July 13, 2009, Riverfront Ventures, LLC filed a petition under
4  Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-18832-MT, which
5  case is pending before this Court (the "Riverfront Bankruptcy")

6      5.    CPB is the lender under three projects in which DS or DMB have an
7  interest. These loans were personally guaranteed to various extents by the Debtor. CPB
8  commenced an action in California state court to enforce these guarantees. In
9  connection with this action CPB sought and was granted a prejudgment writ of
10 attachment against the Debtor, and other non-debtor parties. The precipitated the filing
11 of the Debtor's bankruptcy case.

12     6.    Various financial concerns and conditions led to the filing of the
13 Debtor's and San Feliciano bankruptcies. These include, but are not limited to, the
14 following:

15     a.    The Writ of Attachment obtained by CPB;

16     b.    The non-judicial foreclosure proceeding commenced by CPB
17 relating to the San Feliciano Property and Riverfront Property;

18     c.    The financial collapse of Lehman which was the primary
19 source of equity for DS and DMB on approximately twenty (20) projects. The collapse
20 resulted in Lehman's utter failure to honors its capital funding commitments which were
21 substantial. The problems with Lehman's funding initially began in the Spring of 2008.
22 Thereafter, Lehman's funding performance worsened and was followed by its ultimate
23 collapse and bankruptcy. Pursuant to the agreement of DS and DMB with Lehman,
24 Lehman was to fund ninety percent (90%) of the capital needs for each project with DS or
25 DS or DMB, as applicable, funding the remaining ten percent (10%). Thus, based upon
26 his guarantees to various lenders and his interests in DS and DMB, the Debtor was
27 required to personally fund the necessary capital for the projects. Lehman's decline and
28 ultimate financial collapse was the single most important factor in the decline of the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

various entities in which the Debtor (and DS and DMB) was involved, even more so than the in the decline in the California real estate market and the constriction of the capital markets;

    d.    The general decline of the real estate markets in Southern and Central California; and

    e.    The virtual freeze of the capital markets in the throughout California, the United States and the world.

### C. Debtor's Plan of Reorganization

1. On or about September 29, 2009, within the Debtor's exclusive period to file a plan of reorganization, he filed a plan or reorganization (the "Debtor's Plan"), and an accompanying Disclosure Statement (the "Debtor's Dislcosure Statement").

2. On or about August 28, 2009, also within its exclusive period to file a plan of reorganization, San Feliciano filed a plan of reorganization (the "San Feliciano Pan"), and an accompanying disclosure statement (the "San Feliciano Disclosure Statement").

3. On or about October 20, 2009, the Debtor, San Feliciano, Riverfront, the Ziegler Family Trust A ("ZFT"), and CPB participated in a mediation in an effort to reach a global compromise of the issues between them. ZFT is the largest unsecured creditor of the Debtor, and is also a guarantor of certain of the obligations of San Feliciano and Riverfront to CPB. CPB asserts secured claims against San Feliciano, and Riverfront, as well as unsecured claims against the Debtor pursuant to his personal guaranty of loans made by CPB to Riverfront and San Feliciano.

4. A tentative settlement agreement between the afore-mentioned parties has been reached, and is subject to final documentation and due diligence. The parties advised the Court of the pending settlement (the "Settlement") agreement at a recent hearing conducted on the Debtor's motion for approval of his operating and personal budget (the "Budget Motion"). Based on the pending Settlement, several

hearings in the Debtor's case, as well as hearings in the San Feliciano and Riverfront cases have been continued to December 9 2009.

5. The Debtor has scheduled the hearing for the approval of the Debtor's Disclosure Statement for December 9, 2009. The hearing for the approval of the San Feliciano Disclosure Statement was scheduled for October 30, 2009, but will be continued to December 9, 2009 based on the tentative Settlement.

6. Because of the pending Settlement, Riverfront has not filed a plan of reorganization. If the Settlement is implemented, Riverfront will likely not need to file a plan of reorganization.

## II.

### CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIOD UNDER SECTION 1121

Bankruptcy Code section 1121 provides, in pertinent part, as follows:

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if an only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d)(1) Subject to paragraph (2), <u>on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section</u>.

(2)(A) This 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

>   (2)(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121 (2007) (*emphasis added*).

Thus, under section 1121, a debtor has the exclusive right to file a plan of reorganization for the first 120 days after the date of the order for relief, subject to certain limited exceptions. See 11 U.S.C. § 1121(b). If a debtor files a plan within the 120-day exclusivity period, section 1121(c)(3) provides that exclusivity is extended for an additional 60 days to allow acceptance of the plan by each class of claims or interests that is impaired under the plan. See 11 U.S.C. § 1121(c)(3). These exclusivity periods may be increased (or reduced) for "cause." See 11 U.S.C. § 1121(d).

The Bankruptcy Code does not define "cause." Whether cause exists to extend the exclusivity period(s) is in the discretion of the court. *See, e.g.*, In re Washington-St. Tammany Elec. Coop., Inc., 97 B.R. 852, 854 (E.D. La. 1989); In re Public Service Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings."); *see also* In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002) (stating that "the question is inherently fact-specific and calls for a delicate exercise of judgment about which seasoned judges could differ."); In re Cramer, Inc., 105 B.R. 433, 434 ("[T]he hallmark of 11 U.S.C. § 1121 is flexibility").

In determining whether cause exists to extend the exclusivity period(s), courts consider the following factors:

> 1. the size and complexity of the case;
>
> 2. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
>
> 3. the existence of good faith progress toward reorganization;

    4.    the fact that the debtor is paying its bills as they become due;

    5.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    6.    whether the debtor has made progress in negotiations with its creditors;

    7.    the amount of time which has elapsed in the case;

    8.    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    9.    whether an unresolved contingency exists.

In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (*citing* In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); *see also* In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 452 (9th Cir. B.A.P. 2002) (*citing* In re Dow Corning Corp. and In re Express One Int'l, Inc.).

    Applying these factors, ample cause exists to increase the exclusivity period in the present case.

    The Debtor filed a plan within the 120-day period, and thus his exclusivity period has been extended to November 30, 2009. However, because of the pending Settlement, the Debtor will not obtain approval of the Debtor's Plan prior to November 30, 2009. In fact, if the Settlement is implemented, the Debtor's Plan (as well as the San Feliciano Plan) will need to be substantially revised to comport with the terms of the Settlement. Applying the factors described above, it is clear that "cause" exists to extend the Exclusivity Period:

    1.    Size and Complexity of the Case: The Debtor's case involves particularly complex issues of law and fact. The Debtor has been required to devote a significant amount of time and legal expense litigating with CPB over the approval of the Budget Motion. In addition, preparing the Debtor's Plan necessarily included formulating business plans (if not actual plans of reorganization for those entities in bankruptcy) for multiple real-property owning debtors. These business plans serve as the foundation for

the Debtor's reorganization and will provide the cash flow to support said reorganization. The Plan addressed 18 separate classes of creditors, and more than $40 million in personal guaranty liability on the real estate projects. The as-is value of these projects is more than $133 million, and there is secured debt of approximately $126 million recorded against those properties. The Debtor's case clearly is of the size and complexity that warrants an extension of the exclusivity period.

        2.      The Necessity of Sufficient Time to Permit Debtor to Negotiate a Plan and Prepare Adequate Information: As stated above, with respect to the claims of CPB against the Debtor, a comprehensive settlement has been negotiated. This settlement will not only address the claims of CPB against the Debtor, and related debtors, San Feliciano and Riverfront, but addresses the substantial claims of ZFT against the Debtor as well. While the Settlement has been negotiated and a term sheet has been circulated, CPB is still undertaking certain due diligence that has resulted in a delay of the implementation of the Settlement. This, in turn, requires that the Debtor have additional time to finalize the settlement, revise his Plan accordingly, and obtain confirmation of the Plan. The Debtor is also currently in negotiations with other lenders regarding their treatment under the Debtor's Plan.

        3.      Good Faith Progress Towards Reorganization: As stated above, the Debtor has made substantial progress towards reorganization. Prior to the mediation with ZFT and CPB, the Debtor had filed the Debtor's Plan which addressed the claims of all of his creditors. Subsequent to its filing, the Settlement was negotiated which will modify the treatment of CPB and ZFT under the Plan. Additionally, the Debtor has been in negotiations with other creditors regarding their treatment under the Debtor's Plan. The Debtor is moving very expeditiously towards reorganization.

        4.      Debtor is paying its bills as they become due: The Debtor is paying his bills as they come due, and in conformance with his court-approved budget.

        5.      Whether the Debtor has Demonstrated Reasonable Prospects for Filing a Viable Plan: As stated above, the Debtor has already filed a plan, which the

MSH\ 603220.1 11/11/2009 (2:45 PM)      - 10 -

1  Debtor submits may be confirmed in its current form. The Settlement with CPB and ZFT,
2  will increase the likelihood of confirmation of the Debtor's Plan.
3          6.      The Amount of Time which has Elapsed in the Case: The Debtor's
4  case was filed on June 1, 2009. The Debtor filed the Debtor's Plan within the first 120
5  days, and he has spent the time since the filing of the plan negotiating with his creditors,
6  including CPB and ZFT. The Debtor submits he has moved very expeditiously towards
7  reorganization.
8          7.      Whether the Debtor is Seeking an Extension of Exclusivity to
9  Pressure Creditors: The Debtor is not seeking the requested extension to pressure
10 creditors. The Debtor is unaware of any creditor intending to file its own plan in his case.
11 The Debtor has reached agreements with ZFT and CPB. The settlement resolves results
12 in the elimination of approximately 28% of the Debtor's personal guaranty liabilities, as
13 well as approximately $3.75 million of contingent liability owed to ZFT. The extension is
14 only being sought to give the Debtor sufficient time to consummate that settlement, and
15 avoid the unnecessary expense and delay that would be associated with a competing
16 plan of reorganization.
17         8.      Unresolved Contingency: The only unresolved contingency in this
18 case is the implementation of the Settlement. As stated above, the Settlement is in the
19 process of being documented, and is still subject to certain due diligence by CPB as to
20 the financial status of ZFT. Once this contingency is resolved, the Debtor will be in a
21 position to modify the Debtor's Plan to comport with the Settlement.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1. Increasing the exclusive period under which only the Debtors may file and obtain acceptance of a plan of reorganization pursuant to 11 U.S.C. §1121(c) to and including February 28, 2010; and

2. Granting such other relief as the Court deems just and proper.

DATED: November 11, 2009              Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By: */s/ MARK S. HOROUPIAN*
Mark S. Horoupian
Attorneys for David Schwartzman, Debtors in Possession

## DECLARATION OF DAVID SCHWARTZMAN

I, DAVID SCHWARTZMAN, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I am the majority interest-holder and the Managing Member of DS Ventures, LLC ("DSV") and DMB Ventures, LLC ("DMB"). I have more than eighteen (18) years of real estate experience. I began my real estate development career in California in 1990 with the acquisition and entitlement of land and the construction of single family homes. In 1993, I founded Patriot Homes, LLC ("Patriot"). Patriot and its related and affiliated entities operated a dynamic real estate development business which successfully acquired, entitled, and permitted properties on which it constructed thousands of single-family homes, condominiums and planned unit developments or PUDs. In 1999 I founded DS to concentrate on land acquisition and entitlement projects, as well as, the acquisition and development of residential and commercial real property in Central and Southern California. To date I have acquired developed and/or improved several hundred million of dollars worth of real estate. Presently, DS and DMB owns or controls over 1,500 lots and units located throughout Central and Southern California in the counties of Santa Barbara, Los Angeles, Fresno and Kern.

3. I filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on June 1, 2009 (the "Petition Date").

4. San Feliciano Holding Company LLC, a Delaware limited liability company ("San Feliciano") is the owner that certain real property commonly known as 22255 Mulholland Drive, Woodland Hills, California (the "San Feliciano Property"). The San Feliciano Property consists of approximately 8.8 acres of land and entitlements have been sought construct approximately twenty-three homes which when completes are expected to sell for an average price of approximately $800,000.

5. DS has an undivided fifty percent (50%) interest in San Feliciano.

6. On June 1, 2009 San Feliciano filed a petition under Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16563 which case is pending before this Court (the "San Feliciano Bankruptcy").

7. The San Feliciano Bankruptcy was necessitated, in part, by the fact that the lender on the San Feliciano Property, Central Pacific Bank ("CPB"), ceased funding under the loan secured by the San Feliciano Property and commenced a pending non-judicial foreclosure proceeding on this Property.

8. On July 13, 2009, Riverfront Ventures, LLC filed a petition under Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-18832-MT, which case is pending before this Court (the "Riverfront Bankruptcy")

9. CPB is the lender under three projects in which DS or DMB have an interest. These loans were personally guaranteed to various extents by the Debtor. CPB commenced an action in California state court to enforce these guarantees. In connection with this action CPB sought and was granted a prejudgment writ of attachment against me, and other non-debtor parties. The precipitated the filing of the my bankruptcy case.

10. On or about September 29, 2009, within my exclusive period to file a plan of reorganization, I filed a plan of reorganization (the "Debtor's Plan"), and an accompanying Disclosure Statement (the "Debtor's Dislcosure Statement").

11. On or about August 28, 2009, also within its exclusive period to file a plan of reorganization, San Feliciano filed a plan of reorganization (the "San Feliciano Pan"), and an accompanying disclosure statement (the "San Feliciano Disclosure Statement").

12. On or about October 20, 2009, I, San Feliciano, Riverfront, the Ziegler Family Trust A ("ZFT"), and CPB participated in a mediation in an effort to reach a global compromise of the issues between us. ZFT is my largest unsecured, and is also a guarantor of certain of the obligations of San Feliciano and Riverfront to CPB. CPB asserts secured claims against San Feliciano, and Riverfront, as well as unsecured

MSH\ 603220.1 11/11/2009 (2:45 PM)         - 14 -

1 claims against me pursuant to my personal guaranty of loans made by CPB to Riverfront
2 and San Feliciano.

3     13.    A tentative settlement agreement between the afore-mentioned parties has
4 been reached, and is subject to final documentation and due diligence. The parties
5 advised the Court of the pending settlement (the "Settlement") agreement at a recent
6 hearing conducted on the my motion for approval of my operating and personal budget
7 (the "Budget Motion"). Based on the pending Settlement, several hearings in the my
8 case, as well as hearings in the San Feliciano and Riverfront cases have been continued
9 to December 9, 2009.

10     14.    I have scheduled the hearing for the approval of my Disclosure Statement
11 for December 9, 2009. The hearing for the approval of the San Feliciano Disclosure
12 Statement was scheduled for October 30, 2009, but will be continued to December 9,
13 2009 based on the tentative Settlement.

14     15.    Because of the pending Settlement, Riverfront has not filed a plan of
15 reorganization. If the Settlement is implemented, Riverfront will likely not need to file a
16 plan of reorganization.

18 I declare under penalty of perjury under the laws of the United States of America that the
19 foregoing is true and correct.
20     Executed NOVEMBER 10, 2009, at Los Angeles, California.


DAVID SCHWARTZMAN

| In re:<br>DAVID SCHWARTZMAN<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-16565 MT |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as **"DEBTOR'S NOTICE OF MOTION AND MOTION FOR EXTENSION OF EXCLUSIVITY PERIODS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SCHWARTZMAN IN SUPPORT THEREOF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 11, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Katherine Bunker, Esq. – Office of the U.S. Trustee — kate.bunker@usdoj.gov
- Richard J. Bauer, Jr., Esq. – Courtesy NEF — rbauer@mileslegal.com
- Cynthia M. Cohen, Esq. – Courtesy NEF — cynthiacohen@paulhastings.com
- David K. Eldan, Esq. – Atty for Preferred Bank — malvarado@pmcos.com
- Heather Fowler, Esq. – Atty for General Electric Capital Corp. — heather.fowler@lw.com
- Bernard Given, Esq. – Atty for Central Pacific Bank — bgiven@frandzel.com
- Brian T. Harvey, Esq. – Atty for Cathay Bank — bharvey@buchalter.com
- Mark S. Horoupian, Esq. — Atty for Debtor — mhoroupian@sulmeyerlaw.com
- Edward P. Kerns, Esq. – Courtesy NEF — EdwardKerns@aol.com
- Joe M. Lozano, Esq. – Atty for VW Credit, Inc. — notice@NBSDefaultServices.com
- Douglas M. Neistat, Esq. – Courtesy NEF — twilliams@greenbass.com
- Office of the U.S. Trustee — ustpregion16.wh.ecf@usdoj.gov
- Maria K. Pum, Esq. – Atty for Comerica Bank — mpum@hcesq.com
- Victor A. Sahn, Esq. – Atty for Debtor — vsahn@sulmeyerlaw.com
- Steven F. Werth, Esq. — Atty for Debtor — swerth@sulmeyerlaw.com

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On November 11, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first-class postage prepaid, and/or with an overnight mail service addressed as follow. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA  91367-6606

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service Information continued on attached page.

KXF\ 527905.2   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                    **F 9013-3.1**
KXF\ 527905.2

| In re: | | CHAPTER: 11 |
|---|---|---|
| DAVID SCHWARTZMAN | | |
| | Debtor(s). | CASE NUMBER: 1:09-bk-16565 MT |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 6, 2009 | Kathleen Fox | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
KXF\ 527905.2

F 9013-3.1

In re David Schwartzman
Case No. 1:09-bk-16565 MT
ALL CREDITOR LIST

SKDOCS_WD-#530217-v1
[9640.2]

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

Aon Risk Srvs, Inc. of So. Cal. Ins. Svc.
Attn: Charlene Nakamura-Bond Dept
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017

BAC Home Loans Servicing, LP
c/o Miles, Bauer, Bergstrom & Winters
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626

Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026

Bentley Financial Services
P.O. Box 60144
City Of Industry, CA 91716-0144

Capmark Finance, Inc.
Attn: Sheila Neumann
6955 Union Park Centre, Suite 450
Midvale, UT 84047

Cathay Bank
Attn: Eddie Chang
9650 Flair Dr., 7th Floor
El Monte, CA 91731

Central Pacific Bank
Attn: Curtis Chinn
220 S. King St.
Honolulu, HI 96813

Central Pacific Bank
c/o Peter Csato/Thomas M. Robins
Frandzel, Robbins, Bloom & Csato
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

Comerica Bank
Attn: Steve Lekovsky
2000 Ave of the Stars, Suite 210
Los Angeles, CA 90067

Comerica Bank
Attn: Maria Pum
P.O. Box 9144
Rancho Santa Fe, CA 92067

Countrywide Bank, FSB
P.O. Box 10219
Van Nuys, CA 91410-0219

E & R Construction & Mgmt., Inc.
c/o John Gaims, Esq.
1875 Century Park East, 12th Floor
Los Angeles, CA 90067

E & R Construction & Mgmt., Inc.
Attn: Mr. Richard Spunt, President
22011 Ventura Blvd.
Woodland Hills, CA 91364

E&R Construction & Mgmt., Inc.
5825 W. Sunset Blvd.
Los Angeles, CA 90028

E&R Construction Mgmt.
c/o John Gaims, Esq.
1875 Century Park East 12th Floor
Los Angeles, CA 90067

East-West Bank
Attn: Jason Tsai
135 N. Los Robles Ave., 7th Floor
Pasadena, CA 91101

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Fidelity National Title Ins. Co.
Attn: Art Cheyne
1300 Dove St., 3rd Floor
Newport Beach, CA 92660

First Regional Bank
Attn: Deni Schultz
515 Flower St., Suite 1200
Los Angeles, CA 90071

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

GCRE III, LLC
Attn: Tom McGarrity
1350 Avenue of the Americas
New York, NY 10019

GE Business Financial Services, Inc
Attn: Ingrid Carlino
500 W. Monroe St.
Chicago, IL 60661

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Jerry & Jon Monkarsh
9061 Santa Monica Blvd.
West Hollywood, CA 90069

Lehman Ali, Inc.
c/o Robert Keane, Esq.
Paul, Hastings, Janofsky & Walker
515 S. Flower St., 25th Floor
Los Angeles, CA 90071

Lehman Brothers Holdings, Inc.
399 Park Ave., 8th Floor
New York, NY  10022

Stephen B. Meister, Esq.
Meister Seeling & Fein LLP
140 E. 45th St., 19th Floor
New York, NY  10022

Mercedes Benz Financial
P.O. Box 9001680
Louisville, KY  40290-1680

Noddle Surety & Ins. Services Inc.
Attn:  David Noddle
19507 Ventura Blvd.
Tarzana, CA  91356

Office of the U.S. Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Optical Communication Products, Inc
Attn:  Controller
6101 Variel Ave.
Woodland Hills, CA  91367

Preferred Bank
Attn:  Anna Choi
3926 Grand Ave., Suite E
Chino, CA  91710

US Bank, N A
P.O. Box 5229
Cincinnati, OH  45201

US Bank
PVT Client Group-Los Angeles, CA
P.O. Box 790179
Saint Louis, MO  63179-0179

VW Credit, Inc.
P.O. Box 829009
Dallas, TX  75382-9009

Ziegler Family Trust
Attn:  Richard A. Corleto, Trustee
15760 Ventura Blvd., Suite 801
Encino, CA  91436