Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
  mhoroupian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone:  213.626.2311
Facsimile:   213.629.4520

Attorneys for David Schwartzman,
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DAVID SCHWARTZMAN,<br><br>Debtors in Possession. | Case No. 1:09-bk-16565 MT<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND EXCLUSIVITY PERIOD FOR FILING PLAN AND OBTAINING ACCEPTANCE OF PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SCHWARTZMAN IN SUPPORT THEREOF**<br><br>DATE:  June 28, 2010<br>TIME:  10:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>         Courtroom 302<br>         21041 Burbank Boulevard<br>         Woodland Hills, CA  91367 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that at the time and place ascribed above, David Schwartzman, debtor and debtor in possession herein (the "Debtor"), will move this Court for an order extending the period by which the Debtor has the exclusive period (the

MHOROUPIAN\ 614650.2

"Exclusivity Period") under which only he may file and obtain acceptance of a plan of reorganization. This Motion is brought in accordance with 11 U.S.C. § 1121(d) and is made on the ground that cause exists to increase the Exclusivity Period.

This Motion is based on the Notice of Motion and Motion, the attached Memorandum of Points and Authorities and the supporting Declaration of David Schwartzman attached hereto.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Local Bankruptcy Rule 9013-1, any opposition or response to the Motion must be filed by not later than 14 days prior to the hearing scheduled on the Motion. Failure to file a timely written opposition may be deemed by the Court as your consent to the relief requested therein.

**WHEREFORE**, the Debtor respectfully request that the Court enter an order:

1. Increase the exclusive period under which only the Debtor may file and obtain acceptance of a plan of reorganization pursuant to 11 U.S.C. §1121(c) to and including December 1, 2010;

2. Granting such other relief as the Court deems just and proper.

DATED: June 4, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ MARK S. HOROUPIAN
Mark S. Horoupian
Attorneys for David Schwartzman,
Debtor in Possession

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A. General Background

1. The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on June 1, 2009 (the "Petition Date"). The Debtor is continuing in the operation and management of its business pursuant to Bankruptcy Code sections 1107 and 1108.

2. The Debtor is the managing member and majority equity owner of DS Ventures, LLC, a California Limited Liability Company ("DS"). The Debtor owns 86% of DS.

3. DS is engaged in the business of real estate investment and development, primarily in the Southern California region.

4. The Debtor also holds all of the issued and outstanding shares in Patriot Homes, Inc. Patriot was formerly engaged in the business of real estate investment, development, home construction and acted as the management entity for the various projects entities in which the Debtor was involved in developing. The majority of the projects in which Patriot was involved were single-family home tracts projects located in and around Fresno, California.

5. Patriot is no longer actively engaged in business or operational. However, Patriot still exists from as a legal entity and will file a tax return for 2008. As of June 15, 2009, Patriot no longer had any employees.

6. Patriot wound down its business operations because of the declining California real estate market combined with the fact that the projects in Fresno and Clovis, California in which it was involved had been completed. No new projects were commenced that required the involvement of Patriot.

/ / /

7. Lakeside Capital Partners, LLC, a Delaware limited liability company ("Lakeside") acted as a consultant and money manager for Lehman Brothers and associated entities ("Lehman"). The projects in which Lehman was involved with DS involved Lakeside.

8. Bryan Troxler through his affiliated and related entities ("Troxler") also acted as a consultant and money manager for Lehman.

9. DMB Ventures, LLC, a California limited liability company ("DMB") was formed to hold the membership interests in the seven residential real estate development projects in which Troxler was involved in Fresno and Clovis, California. These were and are real estate entitlement transactions. Properties would be purchased, entitled for the construction of improvements and then sold.

10. San Feliciano Holding Company LLC, a Delaware limited liability company ("San Feliciano") is the owner that certain real property commonly known as 22255 Mulholland Drive, Woodland Hills, California (the "San Feliciano Property").

11. DS has an undivided fifty percent (50%) interest in San Feliciano.

B. **Bankruptcy Filings and Causes**

1. On June 1, 2009 the Debtor filed a petition under chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16565, which case is pending before this Court.

2. On June 1, 2009 San Feliciano filed a petition under chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16563 which case is pending before this Court (the "San Feliciano Bankruptcy").

3. The San Feliciano Bankruptcy was necessitated, in part, by the fact that the lender on the San Feliciano Property, Central Pacific Bank ("CPB"), ceased funding under the loan secured by the San Feliciano Property and commenced a pending non-judicial foreclosure proceeding on this Property.

/ / /

/ / /

4. On July 13, 2009, Riverfront Ventures, LLC filed a petition under Chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-18832-MT, which case is pending before this Court (the "Riverfront Bankruptcy")

5. CPB was the lender under three projects in which DS or DMB have an interest. These loans were personally guaranteed to various extents by the Debtor. CPB commenced an action in California state court to enforce these guarantees. In connection with this action CPB sought and was granted a prejudgment writ of attachment against the Debtor, and other non-debtor parties. The precipitated the filing of the Debtor's bankruptcy case.

6. Various financial concerns and conditions led to the filing of the Debtor's and San Feliciano bankruptcies. These include, but are not limited to, the following:

    a. The Writ of Attachment obtained by CPB;

    b. The non-judicial foreclosure proceeding commenced by CPB relating to the San Feliciano Property and Riverfront Property;

    c. The financial collapse of Lehman which was, through various affiliates and holding companies, the primary source of equity for DS and DMB on approximately twenty (20) projects. The collapse resulted in Lehman's failure to honor its capital funding commitments which were substantial. The problems with Lehman's funding initially began in the Spring of 2008. Thereafter, Lehman's funding performance worsened and was followed by its ultimate collapse and bankruptcy. Pursuant to the agreement of DS and DMB with Lehman, Lehman was to fund ninety percent (90%) of the capital needs for each project with DS or DS or DMB, as applicable, funding the remaining ten percent (10%). Thus, based upon his guarantees to various lenders and his interests in DS and DMB, the Debtor was required to personally fund the necessary capital for the projects. Lehman's decline and ultimate financial collapse was the single most important factor in the decline of the various entities in which the Debtor (and DS

and DMB) was involved, even more so than the in the decline in the California real estate market and the constriction of the capital markets;

        d.      The general decline of the real estate markets in Southern and Central California; and

        e.      The virtual freeze of the capital markets in the throughout California, the United States and the world.

### C. Debtor's Progress Towards a Plan of Reorganization

1. On or about September 29, 2009, within the Debtor's exclusive period to file a plan of reorganization, he filed a plan or reorganization (the "Debtor's Plan"), and an accompanying Disclosure Statement (the "Debtor's Disclosure Statement").

2. On or about October 20, 2009, the Debtor, San Feliciano, Riverfront, the Ziegler Family Trust A ("ZFT"), and CPB participated in a mediation in an effort to reach a global compromise of the issues between them. ZFT is the largest unsecured creditor of the Debtor, and was also a guarantor of certain of the obligations of San Feliciano and Riverfront to CPB.

3. A settlement agreement between the afore-mentioned parties was ultimately reached, was documented, and closed. The process of finalizing and closing the settlement took longer than expected.

4. The Debtor had scheduled the hearing for the approval of the Debtor's Disclosure Statement for June 28, 2010, however, for the reasons described herein, the Debtor will request a further continuance of that date.

5. The Debtor has filed objections to claims of two of its largest alleged unsecured creditors, The Joint Provisional Liquidators of Lehman Re, Ltd ("Lehman Re"), and General Electric Business Financial Services, Inc. ("GE"), both of whom asserted claims against the Debtor of over $40 million. The Debtor has asserted that he is not liable to either of these creditors.

///

6. The Debtor is actively negotiating settlements with both Lehman Re and GE, and both settlements are in the process of documentation.

7. The Debtor is also negotiating resolution of the claims of ZFT, who is likely to be the largest unsecured creditor of the Debtor, and Lehman Brothers Holdings, Inc. and Lehman ALI, both of which have filed significant claims against the Debtor. The Debtor asserts defenses and offsets to these claims, and has filed a proof of claim in LHBI's bankruptcy case in New York.

8. Given the size of the Lehman Re and GE claims, until such time that the settlements are finalized or the claims are litigated, it will be difficult for the Debtor to formulate and finalize a plan. As such, the Debtor requires an extension of his exclusivity period that will be of sufficient length in time to allow the completion and implementation of the settlements, if they are reached. During this extension period, the Debtor will also continue to try to reach consensual arrangements with ZFT, LHBI and Lehman ALI, as well as other creditors asserting claims against him. If consensual resolutions cannot be reached, the allowance of said claims will require litigation.

9. The Debtor's exclusive period to file a plan of reorganization was previously extended to July 1, 2010.

## II.

## CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIOD UNDER SECTION 1121

Bankruptcy Code section 1121 provides, in pertinent part, as follows:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if an only if—
>
> (1) a trustee has been appointed under this chapter;
>
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

MSH\ 614650.2

- 7 -

> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d)(1) Subject to paragraph (2), <u>on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section</u>.
>
> (2)(A) This 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (2)(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121 (2007) (*emphasis added*).

Thus, under section 1121, a debtor has the exclusive right to file a plan of reorganization for the first 120 days after the date of the order for relief, subject to certain limited exceptions. *See* 11 U.S.C. § 1121(b). If a debtor files a plan within the 120-day exclusivity period, section 1121(c)(3) provides that exclusivity is extended for an additional 60 days to allow acceptance of the plan by each class of claims or interests that is impaired under the plan. *See* 11 U.S.C. § 1121(c)(3). These exclusivity periods may be increased (or reduced) for "cause." *See* 11 U.S.C. § 1121(d).

The Bankruptcy Code does not define "cause." Whether cause exists to extend the exclusivity period(s) is in the discretion of the court. *See, e.g.*, <u>In re Washington-St. Tammany Elec. Coop., Inc.</u>, 97 B.R. 852, 854 (E.D. La. 1989); <u>In re Public Service Co. of New Hampshire</u>, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings."); *see also* <u>In re Henry Mayo Newhall Memorial Hospital</u>, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002) (stating that "the question is inherently fact-specific and calls for a delicate exercise of judgment about which seasoned judges could differ."); <u>In re Cramer, Inc.</u>, 105 B.R. 433, 434 ("[T]he hallmark of 11 U.S.C. § 1121 is flexibility").

MSH\ 614650.2

- 8 -

In determining whether cause exists to extend the exclusivity period(s), courts consider the following factors:

1. the size and complexity of the case;

2. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

3. the existence of good faith progress toward reorganization;

4. the fact that the debtor is paying its bills as they become due;

5. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. whether the debtor has made progress in negotiations with its creditors;

7. the amount of time which has elapsed in the case;

8. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. whether an unresolved contingency exists.

In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); see also In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 452 (9th Cir. B.A.P. 2002) (citing In re Dow Corning Corp. and In re Express One Int'l, Inc.).

Applying these factors, ample cause exists to increase the exclusivity period in the present case.

The Debtor filed a plan within the 120-day period, and thus his exclusivity period was been extended to November 30, 2009. It was later extended by order of the Court to July 1, 2010. However, because of the delays in completion of the settlement with CPB, and the ongoing settlement discussions with Lehman Re, GE, ZFT, LHBI and Lehman Ali, the Debtor will not obtain approval of the Debtor's Plan prior to July 1, 2010. The

MSH\ 614650.2

- 9 -

Debtor's Plan will need to be substantially revised to comport with the terms of the outcome of these settlement discussions. Applying the factors described above, it is clear that "cause" exists to extend the Exclusivity Period:

    1.    ***Size and Complexity of the Case:*** The Debtor's case involves particularly complex issues of law and fact. The Debtor has been required to devote a significant amount of time and legal expense litigating with CPB over the approval of the Budget Motion. In addition, preparing the Debtor's Plan necessarily included formulating business plans (if not actual plans of reorganization for those entities in bankruptcy) for multiple real-property owning debtors. These business plans serve as the foundation for the Debtor's reorganization and will provide the cash flow to support said reorganization. The Plan addressed 18 separate classes of creditors. The as-is value of the Debtor's projects was more than $133 million (certain properties have been lost or sold), and there was secured debt of approximately $126 million recorded against those properties. Additionally, the claims litigation between Debtor on the one hand, and Lehman Re and GE on the other hand involves complex and novel issues regarding the enforceability of springing guarantees, and the interpretation of complex loan documentation. The Debtor's case clearly is of the size and complexity that warrants an extension of the exclusivity period.

    2.    ***The Necessity of Sufficient Time to Permit Debtor to Negotiate a Plan and Prepare Adequate Information:*** As stated above, with respect to the claims of CPB against the Debtor, a comprehensive settlement was reached and has been implemented. The Debtor is now in the process of negotiating with his other significant creditors. Each of the negotiations involves complex issues regarding the properties involved with the claims of those creditors, guaranty liability, and in some cases, will have contingencies that may require several weeks to clear. This, in turn, requires that the Debtor have additional time to finalize the settlements, revise his Plan accordingly, and obtain confirmation of the Plan.

///

3. ***Good Faith Progress Towards Reorganization:*** As stated above, the Debtor has made substantial progress towards reorganization. Prior to the mediation with ZFT and CPB, the Debtor had filed the Debtor's Plan which addressed the claims of all of his creditors. Subsequent to its filing, the Debtor has settled with CPB, and is close to settling with other creditors described herein. The settlement with CPB has eliminated its claims from the Estate, which were asserted to exceed $25,000,000.

4. ***Debtor is Paying His Bills as They Become Due:*** The Debtor is paying his bills as they come due, and in conformance with his court-approved budget.

5. ***Whether the Debtor has Demonstrated Reasonable Prospects for Filing a Viable Plan:*** As stated above, the Debtor has already filed a plan. Now that the settlement with CPB is complete, and the Debtor is in advanced negotiations with other significant creditors, the likelihood of confirmation of the Debtor's Plan have substantially increased.

6. ***The Amount of Time which has Elapsed in the Case:*** The Debtor's case was filed on June 1, 2009. The Debtor filed the Debtor's Plan within the first 120 days, and he has spent the time since the filing of the plan negotiating with his creditors, including CPB and ZFT. The Debtor submits he has moved very expeditiously towards reorganization.

7. ***Whether the Debtor is Seeking an Extension of Exclusivity to Pressure Creditors:*** The Debtor is not seeking the requested extension to pressure creditors. The Debtor is unaware of any creditor intending to file its own plan in his case. The extension is only being sought to give the Debtor sufficient time to consummate settlements, and avoid the unnecessary expense and delay that would be associated with a competing plan of reorganization.

8. ***Unresolved Contingency:*** Previously, the settlement with CPB and ZFT was a significant unresolved contingency. The Debtor has satisfied that contingency and has moved on to resolving the significant claims of Lehman Re, GE, LHBI, Lehman ALI and ZFT. While the Debtor believes he could confirm a Plan without the settlement

of these claims, through litigation and cramdown provisions, resolution is favorable if only to save litigation costs. As such, the negotiations with these creditors are significant unresolved contingencies.

### III.

### CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1. Increasing the exclusive period under which only the Debtors may file and obtain acceptance of a plan of reorganization pursuant to 11 U.S.C. § 1121(c) to and including December 1, 2010; and

2. Granting such other relief as the Court deems just and proper.

DATED: June 4, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *MARK S. HOROUPIAN*
Mark S. Horoupian
Attorneys for David Schwartzman,
Debtor in Possession

MSH\ 614650.2

- 12 -

## DECLARATION OF DAVID SCHWARTZMAN

I, DAVID SCHWARTZMAN, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I am the majority interest-holder and the Managing Member of DS Ventures, LLC ("DSV") and DMB Ventures, LLC ("DMB"). I have more than eighteen (18) years of real estate experience. I began my real estate development career in California in 1990 with the acquisition and entitlement of land and the construction of single family homes. In 1993, I founded Patriot Homes, Inc. ("Patriot"). Patriot and its related and affiliated entities operated a dynamic real estate development business which successfully acquired, entitled, and permitted properties on which it constructed thousands of single-family homes, condominiums and planned unit developments or PUDs. In 1999 I founded DS to concentrate on land acquisition and entitlement projects, as well as, the acquisition and development of residential and commercial real property in Central and Southern California. To date I have acquired developed and/or improved several hundred million of dollars worth of real estate. Presently, DS and DMB owns or controls over 1,500 lots and units located throughout Central and Southern California in the counties of Santa Barbara, Los Angeles, Fresno and Kern.

3. I filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on June 1, 2009 (the "Petition Date").

4. San Feliciano Holding Company LLC, a Delaware limited liability company ("San Feliciano") is the owner that certain real property commonly known as 22255 Mulholland Drive, Woodland Hills, California (the "San Feliciano Property").

5. DS has an undivided fifty percent (50%) interest in San Feliciano.

/ / /

/ / /

MSH\ 614650.2

- 13 -

6.    On June 1, 2009 San Feliciano filed a petition under chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-16563 which case is pending before this Court (the "San Feliciano Bankruptcy").

7.    The San Feliciano Bankruptcy was necessitated, in part, by the fact that the lender on the San Feliciano Property, Central Pacific Bank ("CPB"), ceased funding under the loan secured by the San Feliciano Property and commenced a pending non-judicial foreclosure proceeding on this Property.

8.    On July 13, 2009, Riverfront Ventures, LLC filed a petition under chapter 11 of the U.S. Bankruptcy Code as Case Number 1:09-bk-18832-MT, which case is pending before this Court (the "Riverfront Bankruptcy").

9.    On or about September 29, 2009, within my exclusive period to file a plan of reorganization, I filed a plan of reorganization (the "Debtor's Plan"), and an accompanying Disclosure Statement.

10.    On or about October 20, 2009, I, San Feliciano, Riverfront, the Ziegler Family Trust A ("ZFT"), and CPB participated in a mediation in an effort to reach a global compromise of the issues between them. ZFT is my largest unsecured creditor, and was also a guarantor of certain of the obligations of San Feliciano and Riverfront to CPB.

11.    A settlement agreement between the afore-mentioned parties was ultimately reached, was documented, and closed. The process of finalizing and closing the settlement took longer than expected.

12.    I had scheduled the hearing for the approval of the Debtor's Disclosure Statement for June 28, 2010, however, for the reasons described herein, I will request a further continuance of that date.

13.    I filed objections to claims of two of my largest alleged unsecured creditors, The Joint Provisional Liquidators of Lehman Re, Ltd ("Lehman Re"), and General Electric Business Financial Services, Inc. ("GE"), both of whom asserted claims me of over $40 million. I contend that I have no liability to these creditors.

///

14. I am actively negotiating settlements with both Lehman Re and GE, and both settlements are in the process of documentation.

15. I am also negotiating resolution of the claims of ZFT, who is likely to be the largest unsecured creditor of the Debtor, and Lehman Brothers Holdings, Inc. and Lehman ALI, both of which have filed significant claims against me. I assert defenses and offsets to the claims by LHBI and Lehman ALI, and have filed a proof of claim in LHBI's bankruptcy case.

16. Given the size of the Lehman Re and GE claims, until such time that the settlements are finalized or the claims are litigated, it will be difficult for me to formulate and finalize a plan. As such, I require an extension of his exclusivity period that will be of sufficient length in time to allow the completion and implementation of the settlements, if they are reached. During this extension period, I will also continue to try to reach consensual arrangements with ZFT, LHBI and Lehman ALI, as well as other creditors asserting claims against me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 4, 2010, at Los Angeles, California.

_____
DAVID SCHWARTZMAN

- 15 -

| In re:<br>DAVID SCHWARTZMAN | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:09-bk-16565 MT |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as **"NOTICE OF MOTION AND MOTION TO EXTEND EXCLUSIVITY PERIOD FOR FILING PLAN AND OBTAINING ACCEPTANCE OF PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SCHWARTZMAN IN SUPPORT THEREOF"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 4, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Katherine Bunker, Esq. – Office of the U.S. Trustee — kate.bunker@usdoj.gov
- Richard J. Bauer, Jr., Esq. – Courtesy NEF — rbauer@mileslegal.com
- Cynthia M. Cohen, Esq. – Lehman Bros. Holdings Inc./Lehman ALI Inc. — cynthiacohen@paulhastings.com
- David K. Eldan, Esq. – Atty for Preferred Bank — malvarado@pmcos.com
- Heather Fowler, Esq. – Atty for General Electric Capital Corp. — heather.fowler@lw.com
- Bernard R. Given, Esq. – Atty for Central Pacific Bank — bgiven@frandzel.com
- Kelly C. Griffith, Esq. – Bond Safeguard Insurance Co. — bkemail@harrisbeach.com
- Brian T. Harvey, Esq. – Atty for Cathay Bank — bharvey@buchalter.com
- Mark S. Horoupian, Esq. — Atty for Debtor — mhoroupian@sulmeyerlaw.com
- William W. Huckins, Esq. – U.S. Bank, N.A. — whuckins@allenmatkins.com
- Edward P. Kerns, Esq. – Courtesy NEF — EdwardKerns@aol.com
- Joe M. Lozano, Esq. – Atty for VW Credit, Inc. — notice@NBSDefaultServices.com
- Douglas M. Neistat, Esq. – Courtesy NEF — twilliams@greenbass.com
- Office of the U.S. Trustee — ustpregion16.wh.ecf@usdoj.gov
- Henry H. Oh, Esq. – Joint Provisional Liquidators of Lehman RE Ltd. — henry.oh@dlapiper.com
- Maria K. Pum, Esq. – Atty for Comerica Bank — mpum@hcesq.com
- Victor A. Sahn, Esq. – Atty for Debtor — vsahn@sulmeyerlaw.com
- Steven F. Werth, Esq. — Atty for Debtor — swerth@sulmeyerlaw.com

☐ Service Information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On June 4, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first-class postage prepaid, and/or with an overnight mail service addressed as follow. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

☒ Service Information continued on attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re:<br>DAVID SCHWARTZMAN | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:09-bk-16565 MT |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on <u>June 4, 2010</u>, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

- Ingrid Bagby, Esq. – Joint Provisional Liquidators of Lehman RE Ltd. — Ingrid.Bagby@cwt.com
- Richard A. Corleto, Trustee of the Ziegler Family Trust — rcorleto@cahlaw.com
- Ted A. Dillman, Esq. – General Electric Capital Corp. — ted.dillman@lw.com
- B.Jill MacGregor Draffin, Esq. — Preferred Bank — jmd@ffslaw.com
- John Gaims, Esq. – E & R Construction & Mgmt., Inc. — jgaims@gwwe.com
- Arthur A. Greenberg, Esq. – Greenberg & Bass LLC — agreenberg@greenbass.com
- Danielle Amarel Katzir, Esq. — Perimeter Group LA Master, LLC — dkatzir@gibsondunn.com
- Robert Keane, Esq. – Lehman Ali, Inc. — robertkeane@paulhastings.com
- Michele C. Maman – Joint Provisional Liquidators of Lehman RE Ltd. — Michele.Maman@cwt.com
- Lawrence F. Morrison, Esq. – Meister Seelig & Fein LLP — lfm@msf-law.com
- Gregory M. Petrick, Esq. – Joint Provisional Liquidators of Lehman RE Ltd. — gregory.petrick@cwt.com
- Betty M. Shumener, Esq. – Joint Provisional Liquidators of Lehman RE Ltd. — betty.shumener@dlapiper.com

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2010 | Kathleen Fox | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

In re David Schwartzman
Case No. 1:09-bk-16565 MT
ALL CREDITOR LIST

SKDOCS_WD-#530217-v1
[9640.2]

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

Aon Risk Srvs, Inc. of So. Cal. Ins. Svc.
Attn: Charlene Nakamura-Bond Dept
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017-3543

Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026

Bentley Financial Services
P.O. Box 60144
City Of Industry, CA 91716-0144

Bond Safeguard/Lexon Ins.
256 Jackson Meadows Dr.
Hermitage, TN 37076-1425

Capmark Finance, Inc.
Attn: Sheila Neumann
6955 Union Park Centre, Suite 450
Midvale, UT 84047-6523

Cathay Bank
Attn: Eddie Chang
9650 Flair Dr., 7th Floor
El Monte, CA 91731-3005

Central Pacific Bank
Attn: Curtis Chinn
220 S. King St.
Honolulu, HI 96813-

Comerica Bank
Attn: Steve Lekovsky
2000 Ave of the Stars, Suite 210
Los Angeles, CA 90067-4704

Countrywide Bank, FSB
P.O. Box 10219
Van Nuys, CA 91410-0219

David Schwartzman
22255 Mulholland Drive
Woodland Hills, CA 91364-4932

E & R Construction & Mgmt., Inc.
Attn: Mr. Richard Spunt, President
22011 Ventura Blvd.
Woodland Hills, CA 91364-1646

East-West Bank
Attn: Jason Tsai
135 N. Los Robles Ave., 7th Floor
Pasadena, CA 91101-4525

East West Bank
c/o Richard P. Tricker, Esq.
Anderson McPharlin & Conners LLP
444 S. Flower St., 31st Floor
Los Angeles, CA 90071-2901

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Fidelity National Title Ins. Co.
Attn: Art Cheyne
1300 Dove St., 3rd Floor
Newport Beach, CA 92660-2414

First Regional Bank
Attn: Deni Schultz
515 Flower St., Suite 1200
Los Angeles, CA 90071-2236

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

GCRE III, LLC
Attn: Tom McGarrity
1350 Avenue of the Americas
New York, NY 10019-4702

GE Business Financial Services, Inc
Attn: Ingrid Carlino
500 W. Monroe St.
Chicago, IL 60661-3671

GE Business Financial Services, Inc.
Attn: Karen Lieberman, Esq.
GE Real Estate
500 W. Monroe St., 15th Floor
Chicago, IL 60661

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114-0326

Lehman Brothers Holdings, Inc.
399 Park Ave., 8th Floor
New York, NY 10022-4614

Lehman ALI, Inc./
Lehman Brothers Holdings, Inc.
Attn: Joelle Halperin
1271 Ave of the Americas, 46th Floor
New York, NY 10020-1401

Mercedes Benz Financial
P.O. Box 9001680
Louisville, KY 40290-1680

Jerry & Jon Monkarsh
9061 Santa Monica Blvd.
West Hollywood, CA 90069-5520

Noddle Surety & Ins. Services Inc.
Attn: David Noddle
19507 Ventura Blvd.
Tarzana, CA 91356-2916

Katherine Bunker, Esq.
Office of the U.S. Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367-6550

Optical Communication Products, Inc.
Attn: Stephen Welles
c/o Oplink Communications
46335 Landing Parkway
Fremont, CA 94538-6407

Optical Communication Products, Inc
Attn: Controller
6101 Variel Ave.
Woodland Hills, CA 91367-3722

Preferred Bank
Attn: Anna Choi
3926 Grand Ave., Suite E
Chino, CA 91710-8402

US Bank, N.A.
P.O. Box 5229
Cincinnati, OH 45201-5229

US Bank
PVT Client Group-Los Angeles, CA
P.O. Box 790179
Saint Louis, MO 63179-0179

VW Credit, Inc.
P.O. Box 829009
Dallas, TX 75382-9009

Wells Fargo Bank, N.A.
Trustee for ML-CLC C
c/o K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067-4003