Victor A. Sahn (CA Bar No. 97299)
   vsahn@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
   mhoroupian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone:  213.626.2311
Facsimile:   213.629.4520

Attorneys for Debtor in Possession,
David Schwartzman



FILED & ENTERED

NOV 21 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>DAVID SCHWARTZMAN,<br><br>        Debtor in Possession. | Case No. 1:09-bk-16565 MT<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>[Relates to Dkt No. 331]<br><br>**Plan Confirmation Hearing**<br><br>**DATE :** October 27, 2011<br>**TIME :** 9:30 a.m.<br>**PLACE** Courtroom 302<br>           U.S. Bankruptcy Court<br>           21041 Burbank Boulevard<br>           Woodland Hills, CA 91367 |

A hearing on confirmation of the *"Debtor's Second Amended Chapter 11 Plan Of Reorganization"* [Dkt No. 331] (the "Plan") filed by David Schwartzman, the debtor and debtor in possession (the "Debtor") was conducted at the time and place ascribed above. (A true and correct copy of the Plan has been filed concurrently herewith and is incorporated herein by this reference as **Exhibit 1** [Dkt No. 353].)  Victor A. Sahn of

MHOROUPIAN\ 740618.1

1  **Sulmeyer**Kupetz, A Professional Corporation, appeared on behalf of the Debtor.  Other
2  appearances were made as are noted in the Court's record.
3      The Court has reviewed and considered the Plan, the *"Brief In Support Of*
4  *Confirmation Of Debtor's Second Amended Chapter 11 Plan Of Reorganization;*
5  *Declaration Of Mark S. Horoupian In Support Thereof"* [Dkt No. 341], the evidence
6  submitted in support of the Plan, and the statements of counsel at the hearing.  The
7  Court issued a detailed tentative ruling setting forth its findings of fact and conclusions of
8  law ("Findings and Conclusions") (the Findings and Conclusions were filed by the Court
9  and appear on the docket as Dkt No. 351).  This Order is based upon the Findings and
10 Conclusions, which are incorporated fully herein by this reference.
11     Based upon the Findings and Conclusions, and good cause appearing therefore,
12 **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:
13     1.    The form and manner of the notice given of the hearing on
14 confirmation of the Plan and service of the Plan and accompanying Disclosure Statement
15 are hereby approved as constituting appropriate notice in accordance with 11 U.S.C.
16 § 102 and Federal Rules of Bankruptcy Procedure 2002, 3017 and 3018.
17     2.    The Plan is hereby confirmed and approved by this Court.
18     3.    In accordance with 11 U.S.C. § 1141, the provisions of the Plan shall
19 be binding upon the Debtor, the Reorganized Debtor, any person acquiring or receiving
20 property under the Plan, any party to a contract with the Debtor, any lessor or lessee of
21 property to or from the Debtor and any holder of a claim against the Debtor whether or
22 not such claim or interest is impaired under the Plan and whether or not such holder has
23 filed a Proof of Claim or has accepted the Plan.
24     4.    Unless after notice and a hearing, or the Court orders otherwise for
25 cause, the Debtor shall not receive a discharge of any debt provided for in the Plan until
26 the Court specifically grants the Debtor a discharge on completion of all payments under
27 the Plan. To the extent specified in Bankruptcy Code section 1141, the Debtor shall be
28 discharged of liability for payment of debts incurred before confirmation of the Plan.

MHOROUPIAN\ 740618.1

However, the discharge will not discharge any liability imposed by the Plan. While confirmation of the Plan will not discharge debts provided for in the Plan until a discharge is specifically granted by the Court, this Order discharges all obligations and claims that are not provided for under the Plan, including, for example claims that could have been filed against the Debtor but were not, and are therefore, time barred.

5. Upon entry of the discharge order as to debts provided for in the Plan and upon entry of this Confirmation Order as to debts not provided for under the Plan, all parties that have held currently hold or may hold a claim discharged pursuant to the terms of the Plan, shall be permanently enjoined by section 524 of the Bankruptcy Code from taking any of the following actions on account of any such discharged claim: (1) commencing or continuing in any manner any action or other proceeding against the Reorganized Debtor, (2) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtor, provided, however, that the foregoing injunction shall not apply to bar any claim of recoupment or setoff, (3) creating, perfecting, or enforcing any lien or encumbrance against the Reorganized Debtor, and (4) commencing or continuing any action, in any manner, in any place, which does not comply with or is inconsistent with the provisions of the Plan or the Plan Confirmation Order. Any person violating such injunction may be liable for actual damage, including costs and attorneys' fees and, in appropriate circumstances, punitive damages.

6. Except as otherwise expressly provided for in the Plan and this Order, on the Effective Date of the Plan, without any further action, all assets of the estate shall revest in the Debtor free and clear of all claims, liens, and other interests of creditors.

7. Any and all executory contracts and unexpired leases which were, or which are, claimed to be, or have been in existence at any time during the course of this case or before this case not expressly assumed or rejected by the Debtor pursuant to the Plan shall be deemed assumed.

- 3 -

MHOROUPIAN\ 740618.1

8. The Debtor is authorized to perform all acts, execute and deliver all documents, pleadings and other instruments of any kind necessary or appropriate to carry out the provisions of the Plan and this Order, including without limitation, the execution of the promissory notes described in the Plan.

9. Except as otherwise set forth in the Plan and this Order, as of the Effective Date of the Plan, the Debtor may use, acquire, and dispose of property, without supervision by the Bankruptcy Court or the Office of the United States Trustee, and the Debtor shall be free of any restrictions of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, including any provisions regarding the employment and payment of professionals, and regarding obtaining secured or unsecured credit, other than those restrictions expressly imposed by the Plan and/or this Order.

10. Any unpaid fees payable under 28 U.S.C. § 1930, and Administrative Claims allowed pursuant to 11 U.S.C. § 507(a)(2), including claims of Professionals, must be paid on the Effective Date of the Plan, as provided for in the Plan.

11. This Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any other documents, instruments or agreements (and any amendments or modifications thereto) and any other acts referred to in, or contemplated by, the Plan and Disclosure Statement.

12. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

13. The Court shall retain the jurisdiction expressly conferred by the Bankruptcy Code and titles 18 and 28 of the United States Code including, but not limited to, the entry of an order in aid of implementation of the Plan, and to do all of those things expressly stated or otherwise contemplated by the Plan.

/ / /

MHOROUPIAN\ 740618.1

14. In accordance with the Plan, the effective date of the Plan (the "Effective Date") will be the first business day which is at least eleven (11) days, and not more than forty-five (45) days following the date of entry of the Court order confirming the Plan (the "Plan Confirmation Order") when and provided that all of the following conditions to the effectiveness of the Plan have been satisfied or waived by the Debtor: (a) there shall not be any stay in effect with respect to the Plan Confirmation Order; (b) the Plan Confirmation Order shall not be subject to any appeal or rehearing; and (c) the Plan and all documents, instruments and agreements to be executed in connection with the Plan shall have been executed and delivered by all parties to such documents, instruments and agreements. The Debtor shall file and serve a notice of the Effective Date once the Plan becomes Effective. Following the Effective Date, the Debtor shall be referred to as the "Reorganized Debtor."

15. On November 12, 2012 at 9:30 a.m., the Court shall conduct a post-confirmation status conference. On or before October 15, 2012, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice before or after the Effective Date. Further status reports shall be filed and served on the same entities, at such times directed by the Court.

**IT IS SO ORDERED.**

# # #

DATED: November 21, 2011

_____
United States Bankruptcy Judge

MHOROUPIAN\ 740618.1

- 5 -

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **"ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION"** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of November 11, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

☒ Service Information continued on attached page.

**II.  SERVED BY THE COURT VIA U.S. MAIL**:  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service Information continued on attached page.

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☒ Service Information continued on attached page.

**ADDITIONAL SERVICE INFORMATION (if needed):**


**SERVED VIA NEF**

- Richard J. Bauer, Jr., Esq. – Courtesy NEF — rbauer@mileslegal.com
- Katherine Bunker, Esq. – Office of the U.S. Trustee — kate.bunker@usdoj.gov
- Cynthia M. Cohen, Esq. – Atty for Lehman Bros. Holdings Inc./Lehman ALI Inc. — cynthiacohen@paulhastings.com
- David K. Eldan, Esq. – Atty for Preferred Bank — malvarado@pmcos.com
- Heather Fowler, Esq. – Atty for General Electric Capital Corp. — heather.fowler@lw.com
- Bernard R. Given, Esq. – Atty for Central Pacific Bank — bgiven@frandzel.com
- Kelly C. Griffith, Esq. – Atty for Bond Safeguard Insurance Co. — bkemail@harrisbeach.com
- Brian T. Harvey, Esq. – Atty for Cathay Bank — bharvey@buchalter.com
- Mark S. Horoupian, Esq. — Atty for Debtor — mhoroupian@sulmeyerlaw.com; kfox@sulmeyerlaw.com
- William W. Huckins, Esq. – Atty for U.S. Bank, N.A. — whuckins@allenmatkins.com
- Edward P. Kerns, Esq. – Courtesy NEF — EdwardKerns@aol.com
- Joe M. Lozano, Esq. – Atty for VW Credit, Inc. — notice@NBSDefaultServices.com
- Douglas M. Neistat, Esq. – Courtesy NEF — twilliams@greenbass.com
- Office of the U.S. Trustee — ustpregion16.wh.ecf@usdoj.gov
- Henry H. Oh, Esq. – Atty for Joint Provisional Liquidators of Lehman RE Ltd. — henry.oh@dlapiper.com
- Maria K. Pum, Esq. – Atty for Comerica Bank — mpum@hcesq.com
- Victor A. Sahn, Esq. – Atty for Debtor — vsahn@sulmeyerlaw.com
- United States Trustee (SV) — ustpregion16.wh.ecf@usdoj.gov
- Steven F. Werth, Esq. — Atty for Debtor — swerth@sulmeyerlaw.com

**SERVED VIA E-MAIL**

- Ingrid Bagby, Esq. – Atty for Joint Provisional Liquidators of Lehman RE Ltd. — Ingrid.Bagby@cwt.com
- Richard A. Corleto, Trustee of the Ziegler Family Trust — rcorleto@cahlaw.com
- B. Jill MacGregor Draffin, Esq. — Atty for Preferred Bank — jmd@ffslaw.com
- John Gaims, Esq. – Atty for E & R Construction & Mgmt., Inc. — jgaims@gwwe.com
- Arthur A. Greenberg, Esq. – Greenberg & Bass LLC — agreenberg@greenbass.com
- Danielle Amarel Katzir, Esq. — Atty for Perimeter Group LA Master, LLC — dkatzir@gibsondunn.com
- Robert Keane, Esq. – Atty for Lehman ALI, Inc. — robertkeane@paulhastings.com
- Michele C. Maman – Atty for Joint Provisional Liquidators of Lehman RE Ltd. — Michele.Maman@cwt.com
- Gregory M. Petrick, Esq. – Atty for Joint Provisional Liquidators of Lehman RE Ltd. — gregory.petrick@cwt.com
- Betty M. Shumener, Esq. – Atty for Joint Provisional Liquidators of Lehman RE Ltd. — betty.shumener@dlapiper.com
- David C. Voss Jr., Esq. – Atty for Breen Engineering, Inc. — dave@vsbllp.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**